The Honorable Mike Beebe State Senator 211 West Arch Searcy, Arkansas 72143
Dear Senator Beebe:
This is in response to your request for an opinion on the legality of a one cent sales tax to be passed and dedicated for equal division between the City of Searcy and the Searcy School District. You inquire as to whether this action would be legal and what, if any, limitations exist with regard to this procedure. You also seek any information relative to the wording of the ballot on such a proposal.
It is my opinion that the action you suggest would not be lawful under current statutes. This was essentially the conclusion of Attorney General Opinions 88-061 and 87-385, copies of which are enclosed. It was noted in Opinion 87-385 that municipal corporations are creatures of the legislature and have only those powers granted to them by law, and those necessarily implied or incident to those express powers. Although the passage of Act 266 of 1971, codified as A.C.A. §§ 14-43-601—610 (1987), and often referred to as the "Home Rule Act," gave municipal corporations extensive authority over their municipal affairs, Section14-43-606 states that no municipality shall levy any sales tax other than those authorized by law. See also A.C.A. §26-73-103(g).
In addition, the opinions noted above cite the provisions of A.C.A. §§ 14-58-501—503 (1987), which authorize incorporated towns and cities to grant financial aid to any public school district in which the town or city is located. Section 14-58-502
of this subchapter, however, provides that:
 Financial aid granted and paid to public school districts shall be paid out of any funds received by the town or city. However, payments shall not be made from the regular city taxes collected by the county or state for the town or city. [Emphasis added.]
This statute, although authorizing cities to donate monies to public school districts, prohibits contributions from "regular city taxes." The meaning of this phrase is not defined in the act, and I have found no definition of it under any Arkansas law. It is thus unclear whether this phrase includes city sales tax dollars.[1] It appears, however, that the levy of a sales tax, which is dedicated in the ballot title for distribution between the city and the school district, would, in any event, be contrary to A.C.A. 14-58-503 which requires the granting of financial aid to be effected by resolution of the city. The resolution is to fix the time and amount of the payments, and is to be effective for a period of twelve months. These provisions do not seem consistent with the levy of a sales tax which is dedicated in the ballot title to the city and school district jointly. This inconsistency supports the conclusion that the legislature did not intend to authorize a grant of city sales tax proceeds, generated through an election, to the school districts.
Additionally, because the granting of aid to local public school districts is not, in my opinion, strictly a municipal affair, specific statutory authority must be followed in accomplishing it. In my opinion, the current statutes simply to do not grant the specific statutory authority for the levy and application of the sales tax in the manner you describe.
It is therefore my opinion that the action you suggest is not authorized under current law.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosures
[1] In fact, the statute in question, which was passed in 1931, appears to predate the advent of local sales taxes.